UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Benjamin Geurs,<br><br>      Plaintiff,<br><br>v.<br><br>Cavalry SPV I, LLC,<br><br>      Defendant. | Civil File No.<br><br>**COMPLAINT**<br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. This Court's jurisdiction arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), including Defendant's commencement of a consumer debt collection lawsuit that was barred by the statute of limitations.

3. Venue is proper in this District because the acts and transactions at issue occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff Benjamin Geurs is an individual residing in Bloomington, Minnesota. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

1

5. Defendant Cavalry SPV I, LLC ("Cavalry") is a Limited Liability Company organized under the laws of the state of Delaware. Cavalry is in the business of suing consumers in Minnesota and elsewhere to collect consumer debt. Cavalry is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Despite engaging in debt collection activities in Minnesota, Cavalry does not, according to the Minnesota Department of Commerce's Web site, hold a required debt collection license.

## FACTS

7. This case arises out Cavalry's collection efforts with respect to a debt that Cavalry alleges was originally owed by Plaintiff to an entity called "Household Industrial Finance Company." The alleged obligation was incurred primarily for personal, family, or household purposes and is therefore a "debt" as the term is defined by 15 U.S.C. § 1692a(5).

8. In 2003, Plaintiff entered into a Personal Credit Line Account Agreement with Household Industrial Finance Company. The credit limit on the account was $8,000.

9. In the mid-2000s, Plaintiff had trouble making payments on the account.

10. In light of these difficulties, Plaintiff reached out to the creditor to work out an alternative payment arrangement.

11. Plaintiff and the creditor entered into an agreement in 2008 under which Plaintiff would resolve the debt by making make five monthly payments in the total amount of $2,500. As part of the agreement, the creditor agreed that interest on the account would be reduced to zero.

12. With a payment under this agreement, Plaintiff reduced the outstanding balance owed to $2,000 or less.

13. Plaintiff's most recent payment under the agreement or the initial debt was made no later than the beginning of 2009.

14. In February 2016, Cavalry served a Summons and Complaint on Plaintiff.

15. In the Complaint, Cavalry claimed to be the "owner of certain accounts of HSBC Consumer Lending USA Inc /Household Finance, including the account of [Plaintiff.]"

16. Cavalry further claimed that Plaintiff "executed a Retail Installment and Security Agreement" at Household Industrial Finance Company," and that this "Contract" was assigned to "HSBC Consumer Lending USA Inc /Household Finance."

17. This representation was false. Plaintiff never entered into a Retail Installment and Security Agreement with Household Industrial Finance Company.

18. Cavalry further claimed that Plaintiff owed $10,132.47 under the so-called Retail Installment and Security Agreement.

19. Cavalry also claimed that it was entitled to interest at a rate of 6% per annum from and after August 18, 2015.

20. In seeking through litigation to collect more than $10,000, including the imposition of interest, Cavalry attempted to collect an amount not authorized by the parties' agreement or by law.

21. Even absent Plaintiff's agreement with the previous creditor and Plaintiff's payment under that agreement, the amount demanded by Cavalry was many times more than the outstanding balance on the debt.

22. In addition, at most Cavalry had 6 years from Plaintiff's last payment on the account in which to bring the collection action.  Cavalry's action was commenced well over 6 years after the last payment.  Cavalry therefore commenced an action to collect a debt that was time-barred as a matter of Minnesota law.

23. As a result of Cavalry's actions, Plaintiff suffered concrete and particularized harm, including but not limited to, out-of-pocket expenses relating to responding to the lawsuit, as well as attorneys' fees incurred in connection with defending against the lawsuit.

## TRIAL BY JURY

24. Plaintiff Benjamin Geurs is entitled to and hereby respectfully demand a trial by jury.  U.S. Const. amend. 7; Fed. R. Civ. P. 38.

## CAUSE OF ACTION

25. Plaintiff incorporates by reference all of the above paragraphs of the Complaint as though fully stated herein.

26. The foregoing acts and omissions by Calvary constitute violations of the FDCPA.  Specifically, Cavalry violated 15 U.S.C. §§ 1692e(2), 1692e(5), and 1692e(10) by falsely representing the character, amount, or legal status of the alleged debt, threatening to take action that cannot legally be taken, and using a false representation or deceptive means to collect a debt.

27. In addition, Cavalry violated 15 U.S.C. §§ 1692f and 1692f(1) by using unfair means to collect the alleged debt and by attempting to collect an amount not authorized by the agreement or permitted by law.

28. Specifically, Cavalry attempted to collect an amount not authorized by the agreement or by applicable law, it sued to collect a time-barred debt, and it attempted to collect interest despite the voluntary waiver of interest by Cavalry's alleged predecessor.

29. In addition, Cavalry falsely stated in its Complaint that Plaintiff had executed a Retail Installment and Security Agreement.

30. As a result of Cavalry's violations of the FDCPA, Plaintiff is entitled to actual damages (including, as discussed above, out-of-pocket expenses and legal fees incurred to defend against the time-barred claim in state court) in an amount to be determined at trial pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs Benjamin Geurs prays that judgment be entered against Cavalry SPV I, LLC as follows:

   a. For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

   b. For an award of statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

   c. For an award of costs of litigation including reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and

   d. For such further and other relief as may be just and proper.

DATED:  May 26, 2016

                By:   /s Darren Brayer Schwiebert
                     Darren Brayer Schwiebert (#260642)
                     darren@dbslawmn.com
                     DBS Law LLC
                     301 Fourth Avenue South
                     Suite 280N
                     Minneapolis, MN 55415
                     612.501.6008
                     Attorneys for Plaintiff
                     Benjamin Geurs